114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sharon McKEON; Charmain Jones; Gwendolyn Johnson-Randolph,
Plaintiffs-Appellants,
v.
COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO; Local 9415
Communications Workers of America, AFL-CIO, a local labor
affiliate; American Telephone & Telegraph Company, a New
York corporation; Jessie Wilson, Defendants-Appellees.
 
 1
 No. 96-15312.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted March 12, 1997.
Decided May 29, 1997.
 
 3
 Before: CANBY and RYMER, Circuit Judges, and EZRA,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Sharon McKeon, Charmain Jones, and Gwendolyn Johnson-Randolph, on behalf of a class of "Special Reports Clerk" employees of AT & T, appeal the district court's judgment in favor of Communications Workers of America, Local 9415 ("CWA" or "the Local"), and AT & T in the class's action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court concluded that AT & T breached its collective bargaining agreement with the appellants, but that CWA did not breach its duty of fair-representation. The appellants contend on a variety of grounds that the district court erred in holding that CWA did not breach its duty of fair representation. We affirm.[1]
 
 
 6
 * Because the parties are familiar with the facts of this case, we recite them here only as necessary.
 
 II
 
 7
 Appellants contend that CWA breached its duty of fair representation because: (1) CWA's decision to withdraw the grievance was arbitrary; (2) CWA failed to notify appellants that it was abandoning the grievance; and (3) CWA misrepresented to appellants that the grievance was being actively pursued at the national level. We reject all three of the contentions.
 
 A. Decision to Withdraw the Grievance
 
 8
 There was ample evidence in the record to support the district court's finding that Suhail withdrew the grievance and "exercised judgment when deciding to abandon the 1986 grievance; the abandonment was not accidental."[2] "[W]hen a trial judge's finding is based on his decision to credit the testimony of [a witness who] has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985).[3] Suhail testified that she was the Local representative responsible for investigating the assignment of EA work to SRCs and for handling the 1986 grievance on that matter. After conducting what CWA's three expert witnesses described as a "very thorough investigation," Suhail determined that the SRCs "were not, in fact, doing EA work, nor were they going to be trained to do EA work." That determination is supported by the record and, even if it were incorrect, reflected a considered exercise of judgment. "[U]nions are not liable for good faith, non-discriminatory errors of judgment made in the processing of grievances." Peterson v. Kennedy, 771 F.2d 1244, 1254 (9th Cir.1985); see also Peters v. Burlington Northern RR, 931 F.2d 534, 538 (9th Cir.1991) ("[M]ere negligence on the part of a union does not rise to the level of a breach of the duty of fair representation.... '[S]omething more' than negligence must be shown."). Suhail also testified that she discussed her decision to withdraw the grievance with Bill Carpenter, the named grievant and a Local 9415 contractual vice-president, who concurred; and that once she made her decision "the grievance was dead." Her testimony, which the district court credited, is coherent and plausible, and is not internally inconsistent.
 
 
 9
 Suhail's testimony, moreover, was supported by other witnesses at trial, who testified without contradiction that the steward handling a grievance has the authority to withdraw it. They also testified that the grievance is considered withdrawn at the point the steward decides to withdraw it, whether or not its withdrawal has been communicated to the responsible AT & T representative or to the Local 9415 clerks responsible for entering information on the Local's grievance-tracking computer. They further testified that the Local often withdrew grievances without telling AT & T representatives.
 
 
 10
 The documents and testimony that appellants introduced to contradict this testimony established little more than the fact that there was a delay in noting the withdrawal of the grievance on the Local's computer and in communicating the withdrawal to AT & T representatives and Local clerks. To the extent that there was any inconsistency between this evidence and Suhail's testimony, the district court was entitled to credit the latter. We conclude, therefore, that the district court's finding that "the Local exercised its judgment when deciding to abandon the grievance" was not clearly erroneous.
 
 
 11
 B. Failure to Notify.
 
 
 12
 The district court found that "Ms. Suhail did not inform the SRCs of her decision to withdraw the 1986 grievance without prejudice, because no SRCs had taken an interest in the grievance and because Bill Carpenter, the named grievant, was aware of her decision." The court thus concluded that "the failure to inform any SRCs of the abandonment of the grievance was not so far outside of a wide range of reasonableness ... as to be irrational." These findings are not clearly erroneous. Suhail testified that the SRCs in her work-group refused to discuss the 1986 grievance with her because they did not want to interfere with what they perceived to be AT & T's efforts to upgrade their work through the introduction of TIRKS. She also testified that no SRC would agree to sign the grievance in his or her own name, and that no SRC ever approached her to discuss the grievance while it was pending or after it was withdrawn. This testimony was largely uncontradicted and, in any event, the district court was entitled to credit it.
 
 
 13
 C. Misrepresentation.
 
 
 14
 Finally, we find no error in the district court's conclusion that there was no actionable misrepresentation. The district court found that the SRCs who inquired about the "SRC doing EA work grievance" had "misunderstood the information from the Local officials, believing that the 1986 or 1988 grievances had been pursued to the national level."
 
 
 15
 The district court was not required to give credence to evidence of statements of John Jenkins to various SRCs indicating that a grievance concerning SRCs doing work on TIRKS had gone to the national level. Jenkins did not become a local steward until sometime after June of 1986 and was not aware of the 1986 grievance until years later. Statements of others that the grievance had gone to national arbitration were either equivocal, vague, or in conflict with Suhail's testimony.
 
 CONCLUSION
 
 16
 The district court did not err in concluding that there was no breach of the duty of fair representation. We affirm the district court's judgment in favor of CWA, Local 9415, and AT & T.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that CWA did not breach its duty of fair representation, we do not reach AT & T's argument that the district court erred in holding that AT & T breached the collective-bargaining agreement
 
 
 [2]
 We reject appellants' contention that the burden of proof was on the Union to show no breach of its duty. See DelCostello v. Teamsters, 462 U.S. 151, 165 (1983)
 
 
 [3]
 We review for clear error a district court's findings of fact. Fed.R.Civ.P. 52(a); Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.1995), aff'd, 116 S.Ct. 1813 (1996)